UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| K.A.B., by and through next friend, Erica Bailey, and on behalf of her deceased father, Tyler Bailey, | ) ) ) ) |
| K.R.B., by and through next friend, Erica Bailey, and on behalf of her deceased father, Tyler Bailey, | ) ) ) ) |
| K.T.B., by and through next friend, Erica Bailey, and on behalf of his deceased father, Tyler Bailey, | ) ) ) ) ) Case: 4:21-cv-00472 |
| ERICA BAILEY, Individually and on behalf of her deceased husband, Tyler Bailey, | ) ) ) ) **JURY TRIAL DEMANDED** |
| KACEY LYNN ROST, as Personal Representative of the Estate of Kenneth Bailey Sr. and on behalf of decedent's deceased son, Tyler Bailey, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| COUNTY OF FRANKLIN, MISSOURI, | ) ) |
| TIMOTHY BRINKER, Franklin County Commissioner, | ) ) ) |
| DAVID HINSON, Franklin County Commissioner, | ) ) ) |
| TODD BOLAND, Franklin County Commissioner, | ) ) ) |
| STEVE PELTON, Franklin County Sheriff, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

**COUNT I**

**42 U.S.C. § 1983**

COMES NOW, K.A.B., K.R.B. and K.T.B., by their Next Friend, Erica Bailey; Erica Bailey individually; and Kacey Rost as the Personal Representative of the Estate of Kenneth Bailey Sr., all on the behalf of Tyler Bailey, deceased, and for Count I against Defendants Franklin County, Missouri, Timothy Brinker, Todd Boland, David Hinson, and Steven Pelton, state:

1. Plaintiffs, K.A.B., K.R.B. and K.T.B., by their Next Friend, Erica Bailey, are the natural minor children of Tyler Bailey, deceased, hereinafter "decedent", who died on November 25, 2019 at the Franklin County Sheriff's Department Jail in the City of Union, Franklin County, Missouri.
2. Plaintiff Erica Bailey, individually, was the wife of decedent when he died.
3. Kacey Rost is the Personal Representative of the Estate of Kenneth Bailey Sr. who died on August 4, 2020, and Kenneth Bailey was the Father of decedent.
4. Defendant, Franklin County, Missouri, owns, maintains, and controls the Franklin County Sheriff's Department.
5. Defendant, Tim Brinker, is and was Presiding Commissioner of Franklin County, Missouri, on the date of decedent's death. This action is brought against Tim Brinker in his official capacity.
6. Defendant, Todd Boland, is and was the First District Commissioner of Franklin County, Missouri, on the date of decedent's death. This action is brought against Todd Boland in his official capacity.
7. Defendant, David Hinson, is and was the Second District Commissioner of Franklin County, Missouri, on the date of decedent's death. This action is brought against David Hinson in his official capacity.
8. The decedent was in the custody of Defendant, Franklin County Sheriff's Department upon his death.
9. Defendant, Steven Pelton, was the Sheriff of the Franklin County Sheriff's department at the time of the decedent's death. This action is brought against Steven Pelton in his official capacity.
10. Plaintiffs bring Count I of this cause of action against Defendants pursuant to 42 U.S.C. § 1983 for damages for defendant deprivation of decedent's

constitutionally protected liberty rights by reason of defendants' violation of decedent's substantive due process rights pursuant to the 14th Amendment of the U.S. Constitution.

11. The decedent was incarcerated in the Franklin County Jail beginning August 28, 2019.

12. Upon admission, decedent notified the jail that he suffered from a psychological disorder, manic-depressive disorder, and bipolar. The decedent also informed the jail that he needed hospitalized psychological treatment immediately.

13. The decedent was kept on suicide watch from August 28, 2019 until September 13, 2019.

14. On October 25, 2019, the decedent was transported to Center Pointe Hospital on medical furlough for screening and evaluation, and was transported back to the Franklin County Jail that day.

15. Before the decedent was transported back to the jail, Center Pointe issued an informed refusal, signed by a Franklin County deputy that the decedent was being released against Center Pointe's recommendation for stabilization and treatment.

16. On that same day, the decedent filed an inmate grievance with the jail and reported that the jail was not meeting his psychological needs as he was experiencing hallucinations and voices in his head.

17. On October 31, 2019, the decedent attempted suicide by hanging himself in the jail cell, when a cellmate interrupted him.

18. On November 22, 2019, the Franklin County allowed the decedent medical furlough to receive inpatient treatment at Center Pointe Hospital for his mental conditions.

19. On November 24, 2019, the Franklin County Circuit Court revoked the decedent's furlough because he had eloped from Center Pointe Hospital, and was transported back to the Franklin County Jail that day.

20. Decedent, while in Defendant's custody upon his return, was in obvious need of serious medical attention because the decedent's release from Center Pointe was not based on a doctor's decision but based on the order of the Franklin County

Circuit Court and because the decedent had reported to them that he had been hearing voices and having hallucination.

21. On November 25, 2019, while decedent was in the Franklin County Sheriff's Department's custody, the decedent entered his jail cell alone at about 12:02 in the afternoon after he returned his lunch tray.

22. At that time, the view of the cell door window was blocked with paper, and the inside of the cell could only be seen by opening the door.

23. At approximately 3:09 p.m., three hours after he was last seen entering his cell, a fellow inmate entered the decedent's cell to see if the decedent needed a phone card and discovered that the decedent had hung himself using a bed sheet that was hanging from a grate in the ceiling.

24. Defendants Franklin County, Missouri and the Franklin County Sheriff's Department maintained unconstitutional policies, customs and procedures in that said defendants failed to adequately staff the jail facility, maintained inadequate video monitoring systems and cell checks, maintained inadequate inventory procedures which failed to identify at-risk detainees, failed to train officers to identify and monitor at-risk detainees, maintained inadequate in-take procedures which permitted dangerous items to remain with detainees and which failed to identify and monitor prescription medication, all to which amounts to deliberate indifference to the known risk of suicide and serious medical needs of decedent which violated decedent's constitutional rights.

25. As a direct and proximate result of defendant's aforementioned unconstitutional policies, customs, and procedures, decedent's mental health conditions were unmonitored and/or unidentified, decedent was permitted to remain in his cell with dangerous items permitting him to hang himself in his jail cell, unsupervised for over three hours.

26. Defendants' aforementioned unconstitutional policies, customs, and procedures were deliberately indifferent to Tyler Bailey's need for medical attention, and deprived him of his right to be free from punishment and to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution.

27. As a direct and proximate result of the Defendants' aforementioned unconstitutional customs, policies, and procedures, decedent experienced pain and a general decline in his quality of life.

28. As a direct and proximate result of the Defendants' aforementioned unconstitutional customs, policies, and procedures, proximately caused and contributed to cause decedent's death and caused or contributed to cause decedent to endure pain and suffering between the time he entered the Franklin County Jail, and the time of his death.

29. Defendants' aforementioned unconstitutional policies, customs, and procedures proximately caused and contributed to cause Plaintiffs to suffer loss of services, companionship, comfort, instruction, guidance, counsel, training and support because of the decedent's death.

30. Plaintiffs have suffered pecuniary losses, including but not limited to medical and funeral expenses, because of the decedent's death.

31. Defendants' aforementioned unconstitutional customs, policies, and procedures described in Count I herein were outrageous because of the conscious disregard and reckless indifference to the rights of Tyler Bailey; thereby entitling Plaintiffs to an award of punitive damages against defendant.

WHEREFORE, Plaintiffs pray the Court enter a judgment in Count I herein in favor of Plaintiffs and against Defendants, awarding them as follows:

a) Compensatory damages in excess of One Million Dollars;
b) Punitive damages to compensate for the willful violation of the constitutional rights of decedent in the sum of Five Million Dollars;
c) Reasonable attorney's fees and costs incurred in this action; and
d) Such other and further relief as the Court deems just and proper, together with their costs.

**COUNT II**

**RSMo. 537.080**

COMES NOW, K.A.B., K.R.B. and K.T.B., by their Next Friend, Erica Bailey; Erica Bailey individually; and Kacey Rost as the Personal Representative of the Estate of

Kenneth Bailey Sr., all on the behalf of Tyler Bailey, deceased, and for Court II against Defendants, Franklin County, Missouri, Timothy Brinker, Todd Boland, David Hinson, the Franklin County Sheriff's Department, and Steven Pelton, state:

1. Plaintiffs re-plead, re-allege, and incorporate by reference all the allegations contained in paragraphs 1-18 of Count I herein.
2. Plaintiffs bring Count II of this cause of action against Defendants and each of them pursuant to RSMo. 537.080; that venue is proper in this District pursuant to 28 U.S.C. 1391(b).
3. On November 25, 2019, decedent was detained in the Franklin County Jail and was in obvious need of serious medical care in that he was suffering from a known depression condition.
4. Defendants, knew or could have known of decedent's depression condition from numerous contacts with decedent and that within the day before he had been transferred without recommendation from a physician from an inpatient mental health hospital.
5. The decedent, while in the custody of the Franklin County Jail was in obvious need of serious medical attention because the day before he had been released from an inpatient mental health hospital after the Franklin County Circuit Court recalled his medical furlough.
6. On November 25, 2019, while decedent was in the Franklin County Sheriff's Department's custody, decedent hung himself, using his bed sheet, hanging from a grate in the ceiling.
7. The decedent was discovered in his jail cell by a fellow inmate, approximately 3 hours after the decedent was seen on security footage entering his cell.
8. Defendant, Sheriff Steven Pelton, was negligent and derelict in his official capacity in his ministerial duties in his failure to monitor jail cells, including decedent's jail cell.
9. Franklin County, Missouri and the Franklin County Sheriff's Department were negligent in its duty to train, staff, and implement inventory, intake, and administration of prescription medication procedures with regard to detainees and to the needs of at-risk detainees.

10. Franklin County, Missouri, purchased a policy of insurance of liability for which they have waived sovereign immunity absolutely and/or alternatively Franklin County knew that failure to provide proper supervision for someone who had only recently been released from an inpatient mental health hospital presented an unreasonable risk to those that should be monitored, such as Tyler Bailey, and thereby waived their sovereign immunity absolutely pursuant to RSMo. 537.620.

11. The actions and omissions of Defendants and each of them caused or contributed to cause Plaintiffs to suffer loss of services, companionship, comfort, instruction, guidance, counsel, training and support because of decedent's death.

12. Plaintiffs have suffered pecuniary losses, including but not limited to medical and funeral expenses, because of decedent's death.

13. The acts and omissions of Defendants and each of them as described in Count II herein were outrageous because of their conscious disregard and reckless indifference to the rights of Tyler Bailey, thereby entitling Plaintiffs to an award of damages for aggravating circumstances against Defendants and each of them.

WHEREFORE, Plaintiffs pray that the Court enter judgment in Count II herein in favor of Plaintiffs and against Defendants and each of them as follows: compensatory damages in excess of Twenty Five Thousand Dollars, and such further sum that is fair and reasonable together with aggravating circumstances damages to compensate for conscious disregard and reckless indifference to the rights of decedent, and such other and further relief as the Court deems just and proper, together with costs.

Respectfully submitted,

/s/ Steven R. White
STEVEN R. WHITE, 45595MO
White, Briegel & Hiatt, LLC
4 South Church Street
Union, Missouri 63084
(636) 583-5760 / FAX: (636) 888-4455
white@unionmolaw.com
**ATTORNEYS FOR PLAINTIFFS**